# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**JOHN M. WHITE,**
**Claimant Below, Petitioner**

**FILED**

**April 25, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 18-0613** (BOR Appeal No. 2052554)
(Claim No. 2014031816)

**CATERPILLAR GLOBAL MINING, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner John White, by John H. Shumate, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Caterpillar Global Mining, LLC, by Cameron Blair, its attorney, filed a timely response.

The issue on appeal is the percentage of permanent impairment related to occupational pneumoconiosis. The claims administrator granted Mr. White no additional award for occupational pneumoconiosis on August 11, 2015. The Workers' Compensation Office of Judges affirmed the claims administrator's Order on February 6, 2018. This appeal arises from the Board of Review's Final Order dated June 11, 2018, in which the Board affirmed the Final Order of the Office of Judges.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. White has 32 years of exposure to dust as a plant worker/fabrication foreman and eleven years as a mine construction worker. Most recently, Mr. White worked as a shop foreman for Caterpillar Global Mining, LLC. He worked for that particular facility, which had been operated by various employers, until he filed for benefits on May 8, 2014. He had previously filed a workers' compensation claim for occupational pneumoconiosis against Southern Fabricators in Claim. No. 9900008979. In that claim, Mr. White was granted a 10% permanent

1

partial disability award on February 22, 1999. The claims administrator rejected Mr. White's claim for failing to meet the requirements of compensability. Mr. White protested. On appeal, the Office of Judges issued a Final Order dated February 24, 2015, which reversed the rejection of the claim by the claims administrator. The Office of Judges concluded that Mr. White has sufficient exposure to the hazards of breathing abnormal quantities of dust to give the claims administrator jurisdiction to consider the claim.

The Occupational Pneumoconiosis Board issued a report dated June 4, 2015, finding sufficient evidence to justify a diagnosis of occupational pneumoconiosis with no more than the 10% pulmonary functional impairment attributable to the disease previously found in Claim No. 9900008979. The Board's decision was based upon Mr. White's physical examination, pulmonary function studies conducted for the Board and x-rays of his chest. The Board found that Mr. White reported experiencing shortness of breath for 25 years, and a mild productive cough for 15 years. He noted wheezing for 20 years, and he was treated for pneumonia in 1990. Mr. White was diagnosed with chronic obstructive pulmonary disease in 2010. He also has a history of a left pneumothorax which was found in 1997. Chest x-rays did not show sufficient pleural or parenchymal changes to establish a diagnosis of occupational pneumoconiosis.

Based upon the findings of the Occupational Pneumoconiosis Board, the claims administrator issued an Order on August 11, 2015, stating that Mr. White is entitled to an award of no more than 10% permanent partial disability, the same as was previously awarded under Claim No. 9900008979. Because he was granted a 10% award under that claim, the claims administrator stated that Mr. White would not be receiving any additional permanent partial disability benefits. Mr. White protested the claims administrator's decision.

In support of his protest, Mr. White submitted a January 6, 2016, report from New River Health, noting that he underwent spirometry, lung volume and diffusion studies during the testing process. The highest FEV1 and FVC results from the study were 57% and 66% of their predicted normal value. The highest FEV1/FVC measurement was 68%. The interpretation noted pre-testing results as severe obstructive, and moderately restrictive breathing. The post-testing report indicated moderately obstructive, and moderately restrictive breathing with significant improvement. FEV lung volumes were normal and consistent with pseudo restriction.

The Occupational Pneumoconiosis Board ("OP Board") conducted a hearing on June 15, 2016, where the OP Board reviewed the medical evidence noting that the New River Health pulmonary function studies of January 6, 2016, showed 10% impairment. Mr. White was found to have a history of atrial fibrillation and a left pneumothorax. He also had a 20-year smoking history, which he ceased 20 years prior to his examination. The post-bronchodilator study on June 4, 2015, revealed about 10% impairment. There was a 16% improvement in his FVC and a 17% improvement in his FEV1, which is significant for a diagnosis of bronchospastic disease. There was no x-ray evidence of occupational pneumoconiosis. The Occupational Pneumoconiosis Board remained of the opinion that Mr. White has 10% impairment attributable to occupational pneumoconiosis for which he had been compensated previously.

On July 14, 2016, the Office of Judges affirmed the claims administrator's decision. On December 7, 2016, the Board of Review remanded the claim with instructions to issue a new time frame to allow the parties to develop and submit additional evidence and to schedule a new OP Board hearing.

On February 24, 2017, George L. Zaldivar, M.D., issued an independent medical evaluation report that concluded that there is evidence to justify a diagnosis of pneumoconiosis. Dr. Zaldivar opined that Mr. White does not have radiographic pneumoconiosis. Instead, his pulmonary impairment is the result of smoking and asthma, unrelated to his occupation. From a pulmonary standpoint, Dr. Zaldivar stated that 10% impairment would be reasonable using prior spirometric criteria. However, Dr. Zaldivar was of the opinion that there is no impairment at all related to Mr. White's employment, and he concluded that any percentage of impairment previously awarded was due to asthma/chronic obstructive pulmonary disorder caused by smoking and unrelated to his unemployment.

The OP Board conducted another hearing on January 3, 2018. The Board reviewed the report from Dr. Zaldivar and the other documents related to the New River Health studies that found an overall impairment of 10%. Dr. Kinder opined there is an overall impairment of 15%. However, given Mr. White's mild wheezing and smoking history, he thought that the 10% previously recommended is appropriate. The remaining 5% impairment was attributed to smoking and Mr. White's non-occupational bronchospastic disease. The OP Board concluded that Mr. White has 10% impairment attributable to his compensable conditions.

Based upon the OP Board's recommendation, the Office of Judges affirmed the August 11, 2015, Order of the claims administrator. The Office of Judges concluded that Mr. White has no more than 10% whole person impairment for which he has been compensated. The Board of Review affirmed the decision of the Office of Judges in an Order dated June 11, 2018. Mr. White appealed the Board's decision to this Court.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. There is no objective medical evidence of record in this claim to establish that Mr. White suffers from additional impairment due to occupational pneumoconiosis.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:** April 25, 2019

3

**CONCURRED IN BY:**
Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison